UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re*: Kerry P. Faughnan,<br>Attorney at Law, Bar No. 12204 | Case No. 2:23-ms-00011-MMD<br><br>ORDER |

**I.      SUMMARY**

This is an attorney discipline matter. Before the Court is Kerry P. Faughnan's petition for reinstatement. (ECF No. 9 ("Petition").) As further explained below, the Court will deny the Petition because this Court has neither the obligation, resources, nor inclination to monitor Attorney Faughnan' compliance with the probationary conditions the Nevada Supreme Court ("NSC") imposed on him. However, Attorney Faughnan may file another petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.     BACKGROUND**

Attorney Faughnan was suspended by the NSC following his guilty plea in state court to conspiracy to commit theft, for obtaining unemployment insurance compensation he was not entitled to. (ECF Nos. 9-1 at 3-4, 9-3.) The NSC suspended Attorney Faughnan for three years, with all but six months stayed, provided he complies with certain probationary conditions. (ECF No. 9-3 at 4-5.) That means that the NSC will release Attorney Faughnan from probation in 2026 assuming he complies with the conditions imposed on him. (*See generally id.*)

///

This Court issued the OSC as to why Attorney Faughnan should not be suspended from practice in this Court on March 2, 2023. (ECF No. 1.) Attorney Faughnan timely filed a response in which he did not contest his suspension (ECF No. 4), so the Court suspended him from practice (ECF No. 5). The Petition followed. (ECF No. 9.) In the Petition, Faughnan seeks reinstatement because he able to practice in state court. (*Id.*)

### III. DISCUSSION

Local Rule IA 11-7(i) states that an attorney who is the subject of an order of suspension "may petition for reinstatement to practice before this court or for modification of the order as may be supported by good cause and the interests of justice." LR IA 11-7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.* However, the decision as to whether and under what circumstances the attorney will be reinstated to practice before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if the Chief Judge refers the matter to another judge. *See id.*; *see also* LR IA 11-7(a).

The Court will deny Attorney Faughn's Petition without prejudice because, while Attorney Faughnan does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 9-3 at 4-5.)

Despite Attorney Faughnan' valid arguments in his Petition, the Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system. The Court does not wish to create an exception for Attorney Faughnan in this case. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Faughnan is not currently in good standing with the NSC. Thus, he cannot currently satisfy a prerequisite for admission to the bar of this Court. Moreover, as noted both above and

in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Faughnan. The Court will therefore deny the Petition.

That said, Attorney Faughnan is free to petition the Court for reinstatement under LR IA 11-7(i) again assuming he is able to successfully complete his term of probation with the NSC. Any additional petition for reinstatement should not be filed until Attorney Faughnan has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC, such as a letter from the Nevada State Bar confirming he successfully discharged his probation.

**IV.   CONCLUSION**

It is therefore ordered that Attorney Faughnan's petition for reinstatement (ECF No. 9) is denied without prejudice.

DATED THIS 26th Day of January 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 29th day of January 2024, I caused to be served a true and correct copy of the foregoing Order to the following party via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

> Kerry P. Faughnan
> c/o Rob Bar, Esq.
> 150 Las Vegas Blvd. N., #1812
> Las Vegas, NV 89101
>
> Certified Mail No.: 91 7199 9991 7038 8827 2186
>
> Kerry P. Faughnan
> Glenn M. Machado, Esq.
> 850 S. Boulder Hwy., #510
> Henderson, NV 89015
>
> Certified Mail No. 91 7199 9991 7038 8827 2124

> /s/ Sharon H.
> Deputy Clerk
> United States District Court,
> District of Nevada